# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIS FLOYD WILEY** | § | |
| | § | |
| **V.** | § | **A-17-CV-980-SS** |
| | § | |
| **KEN PAXTON** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Willis Floyd Wiley's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, and Complaint (Dkt. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Wiley's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Wiley *in forma pauperis* status and **ORDERS** his Motion be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Wiley is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of Wiley's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Wiley has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Federal question jurisdiction, which is alleged in this case, requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the court does not have subject matter jurisdiction, it must dismiss the case. Moreover, "the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, sua sponte, whenever a problem with subject

matter jurisdiction is perceived." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) rev'd on other grounds, 135 S. Ct. 2236 (2015) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte."). A pro se plaintiff's reliance on a federal statute that clearly does not apply is insufficient to invoke federal question jurisdiction. *See, e.g.*, *Lopez v. Kora*, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012), report and recommendation adopted, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012) (dismissing sua sponte a pro se plaintiff's case for lack of subject matter jurisdiction because the federal statutes cited did not provide a cause of action that applied to the plaintiff's claims).

Wiley alleges that Ken Paxton, in his official capacity as Texas Attorney General, denied his request to provide him materials—photos of various employees within the Texas Department of Criminal Justice—made pursuant to the Texas Public Information Act (TPIA). The TPIA functions much like the federal Freedom of Information Act to provide a mechanism for individuals to request documents held by Texas governmental agencies. Wiley also alleges that this denial violated his First and Fourteenth Amendment rights. In addition to the complaint, Wiley also filed a Motion for Ex Parte Injunction (Dkt. No. 3), which provides further background for his claims. Here, he appears to allege a conspiracy of harassment between employees at the prison in which he was previously held, along with at least one assassination attempt. *Id.* This conspiracy also potentially implicates two Texas state senators and the Houston Police Department. *Id.* What is lacking in this recitation is any assertion that Paxton was involved in this conspiracy, outside of his office's refusal to grant Wiley's information request for the pictures of the parties Wiley alleges are the conspirators.

Thus, Wiley's constitutional claims must rest solely on the assertion that Paxton wrongly denied Wiley's information request.

The First Amendment does not provide a cause of action for this claim. The First Amendment prohibits the government from placing limitations on a person's right to free speech, religion, and association, except in limited circumstances. U.S. CONST. amend. I. Here, Wiley does not assert that Paxton in any way limited his right to speak, to practice his religion, or to associate. Instead, he is arguing that Paxton failed to provide information, which he believes is required by law to be disclosed. Though the First Amendment has been held to provide a right of access to documents relating to court proceedings and filings, courts have refused to extend this constitutional right to include access to information held by government agencies outside this context. *See Calder v. I.R.S.*, 890 F.2d 781, 783–84 (5th Cir. 1989). Here, Wiley is solely seeking access to photographs contained in personnel files that have no relation to a court proceeding and are not held by a court. As such, he fails to assert a claim under the First Amendment.

Wiley's claim under the Fourteenth Amendment should also be dismissed. Wiley does not clarify whether he is asserting a substantive due process or procedural due process claim. To assert a claim for substantive due process, the plaintiff must show that he was arbitrarily denied a fundamental right or that the defendant's actions "shock[] the conscience." *Hernandez v. United States*, 757 F.3d 249, 267 (5th Cir. 2014). A claim alleging a violation of procedural due process rights requires that the plaintiff show that he was deprived of a liberty or property right without due process of law. *Id.* Here, Wiley cannot assert a claim for either procedural or substantive due process because he has not identified a liberty or property right of which he was deprived. As discussed above, there is no First Amendment right of access to the documents that he seeks; nor has

Wiley asserted a fundamental right (e.g., marriage or privacy) that would encompass the facts as alleged. Moreover, Wiley does not allege that he was denied due process of law. Instead, he appears solely to challenge the merits of the determination to reject his application. As such, Wiley's claim under the Fourteenth Amendment should be dismissed.

Because the Court is recommending dismissal of Wiley's constitutional claims, this Court does not have jurisdiction over his remaining claim under the Texas Public Information Act, and need not address the merits of this claim. The Court therefore recommends that Wiley's claims should be dismissed as frivolous, for lack of jurisdiction, and for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Wiley *in forma pauperis* status (Dkt. No. 2). Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** Wiley's claims constitutional claims with prejudice as failing to state a claim, and dismiss his state law claims without prejudice, for lack of subject matter jurisdiction.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE